distinct from the proceedings in which the original judgment was entered, and the plea filed in the scire facias, cannot be considered as in the original judgment. In scire facias the writ recites the original judgment, and constitutes the declaration to which the defendant must plead. The purpose of the scire facias was only to give notice to the defendants to come in and show cause why execution should not issue upon the original judgment. The opening of the original judgment was a matter resting in the sound discretion of the court of common pleas, and if it was opened without conditions, as in this case, the plaintiff is put to the proof of cause of action precisely as if no judgment had been entered: Harris v. Harris, 154 Pa. 501; Sossong v. Rosar, 112 Pa. 197. ·

This disposes of the principal question raised by this appeal. Into the numerous instances wherein it is alleged that errors were made in the findings of fact by the auditor, and approved by the court below, we cannot enter. There was evidence to support the findings, and the exhaustive report of the learned auditor shows that it received careful consideration.

The assignments of error are all dismissed, and the decree of the orphans' court is affirmed at the cost of the appellant.

---

## Lancaster County *v.* Landis, Appellant.

*Public officers—County officers—Principal and surety—Settlement by county auditors—Action—Premature action.*

Where a county treasurer has kept accounts, and handed his books of account over to his successor, but has failed to pay to his successor a balance shown by his books to be due to the county, a common-law action may be maintained by the county against the sureties on the treasurer's bond, although the county auditors may have not as yet settled and adjusted the treasurer's account.

Argued May 18, 1904. Appeal, No. 282, Jan. T., 1904, by defendant, from judgment of C. P. Lancaster Co., April T., 1900, No. 32, on verdict for plaintiff in case of Lancaster County v. Clayton G. Landis, administrator of David B. Landis, deceased. Before MITCHELL, C. J., DEAN, FELL, POTTER and THOMPSON, JJ. Affirmed.

Assumpsit on a county treasurer's bond. Before LANDIS, P. J.

Verdict and judgment for plaintiff for $67,874.03. Defendant appealed.

*Error assigned* was in giving binding instruction for plaintiff.

*W. U. Hensel,* with him *Coyle & Keller,* for appellant.

*N. F. Hall,* for appellee.

PER CURIAM, October 10, 1904:

This case is ruled by Lancaster County v. Hershey, 205 Pa. 343.

Judgment affirmed.

---

## Young *v.* Geiske, Appellant.

*Libel—Trade libel—Pleadings—Special damages—Malice—Falsity of publication.*

In an action to recover damages alleged to have been sustained by the plaintiff by reason of a publication which depreciated the value of shares of stock which he had advertised to be sold at public sale, there can be no recovery without proof that the publication was false, that it was malicious, and that it had caused the plaintiff special pecuniary damages.

In such a case if the defendant fails to demur to the statement on the ground that it does not expressly aver falsity and malice, he cannot raise such objection after a trial on the merits in which the publication was shown to have been false and malicious.

Argued May 17, 1904.   Appeal, No. 216, Jan. T., 1904, by defendants, from judgment of C. P. Lancaster Co., Jan. T., 1901, No. 67, on verdict for plaintiff in case of Harry C. Young v. A. W. Geiske and C. R. Strickler.   Before MITCHELL, C. J., DEAN, FELL, POTTER and THOMPSON, JJ.   Affirmed.

Trespass to recover damages for trade libel.   Before LANDIS, P. J.   Plaintiff's statement was as follows:

This action is brought by Harry C. Young, of Columbia, Pa., plaintiff, against A. W. Geiske and C. R. Strickler, defendants, to recover the sum of $10,000 damages suffered by the plaintiff at the hands of defendants, and by their trespass, injury and damage to the rights and property of the plaintiff.

The plaintiff avers that on or about, and for a long time prior to December 15, 1900, he was the owner of 121 shares of stock in and of the Columbia Flint Company, a corporation doing business in the county of Lancaster and said stock was worth at a fair valuation, at public sale, $75.00 per share, and